Back | Print

## 2015 CA 002996 ON - LUGO, MARIA M vs. TARGET CORPORATION D/B/A TARGET

### SUMMARY

| | |
|---|---|
| **Judge:** POLODNA, SCOTT | **Case Type:** PREMISES LIABILITY COMMERCIAL-OTHER NEGLIGENCE | **Status:** OPEN |
| **Case Number:** 2015 CA 002996 ON | **Uniform Case Number:** 492015CA002996ONXXXX | |
| **Clerk File Date:** 12/9/2015 | **Status Date:** 12/9/2015 | |
| **SAO Case Number:** | **Total Fees Due:** 0.00 | |
| **Agency:** | **Agency Report #:** | **Custody Location:** |

### PARTIES

| TYPE | PARTY NAME | ATTORNEY |
|---|---|---|
| PLAINTIFF | LUGO, MARIA M | ROMERO, MARIO ESQ (Main Attorney) |
| DEFENDANT | TARGET CORPORATION D/B/A TARGET | |

### EVENTS

| DATE | EVENT | JUDGE | LOCATION | RESULT |
|---|---|---|---|---|
| | | No Events on Case | | |

### CASE HISTORY

| CASE NUMBER | CHARGE DESCRIPTION | CASE STATUS | DISPOSITION | OUTSTANDING AMOUNT | NEXT EVENT | ALERTS |
|---|---|---|---|---|---|---|
| | | | No Additional Cases | | | |

### CASE DOCKETS

| DATE | ENTRY |
|---|---|
| 12/28/2015 | SUMMONS RETURNED, CORPORATE SERVED DATE SERVED : 12/11/15 PARTY SERVED:TARGET CORPORATION |
| 12/28/2015 | DEFENDANT, TARGET CORPORATION'S, ANSWER TO PLAINTIFF'S COMPLAINT |
| 12/10/2015 | PAYMENT $410.00 RECEIPT #2015155086 |
| 12/9/2015 | DELIVERY / READ EMAIL CONFIRMATION TO ATTORNEY |
| 12/9/2015 | SUMMONS ISSUED (EMAILED TO ATTY) |
| 12/9/2015 | COMPLAINT |
| 12/9/2015 | SUMMONS TO BE ISSUED |
| 12/9/2015 | NOTICE OF CONFIDENTIAL INFORMATION WITHIN COURT FILING |
| 12/9/2015 | PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT |
| 12/9/2015 | PLAINTIFFS REQUEST FOR PRODUCTION TO DEFENDANT |
| 12/9/2015 | NOTICE OF SERVICE OF INTERROGATORIES |
| 12/9/2015 | CIVIL COVER SHEET |
| 12/9/2015 | CASE FILED 12/09/2015 CASE NUMBER 2015 CA 002996 ON |

# Composite Exhibit 1

Filing # 35325097 E-Filed 12/09/2015 10:53:35 AM

IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT IN AND FOR OSCEOLA
COUNTY, FLORIDA

CASE NO:

MARIA M. LUGO,

       Plaintiff,

vs.

TARGET CORPORATION,

       Defendant.             /

## COMPLAINT

COMES NOW Plaintiff, MARIA M. LUGO, and sues Defendant, TARGET CORPORATION, and alleges:

1.     This is an action for damages that exceeds Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorneys' fees.

2.     Plaintiff is a natural person residing in Osceola County, Florida.

3.     At all times material to this action, TARGET CORPORATION is a Florida corporation licensed to do business in the State of Florida.

4.     At all times material hereto, Defendant was the owner and in possession of that certain business located at 4795 W. Irlo Bronson Memorial Highway, Kissimmee, FL 34746, said business being that of a department store, open to the general public, including the Plaintiff herein.

5.     On or about March 28, 2014, Plaintiff visited Defendant's premises located at the above address as a customer.

1

6.      At said time and place, Plaintiff was a guest at the department store, lawfully upon the premises of the Defendant, who owed Plaintiff a duty to exercise reasonable care for her safety.

7.      At said time and place, Defendant breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

a)   Negligently failing to maintain or adequately maintain the area, thus creating a slip or trip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus   creating an unreasonably dangerous condition for     Plaintiff;

b)   Negligently failing to inspect or adequately inspect the floor, as specified above, to ascertain   whether the liquid substance constituted a slip or trip hazard to guests utilizing said premises,     including the Plaintiff herein, thus creating an unreasonably dangerous condition to the            Plaintiff;

c)   Negligently failing to inspect or adequately warn the Plaintiff of the danger of the liquid               substance on the floor, when Defendant knew or through the exercise of reasonable care       should have known that said liquid substance on the floor was unreasonably dangerous and     that Plaintiff was unaware of same; and

d)   Negligently failing to correct or adequately correct the unreasonably dangerous condition of       the liquid substance on the floor on Defendant's premises, when said condition was either  known to Defendant or had existed for a sufficient length of time such that Defendant should have  known of same had Defendant exercised reasonable care.

e)   Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting the        premises for dangerous conditions;

f)   Negligently failing to train and/or inadequately training its employees to inspect the premises   for dangerous conditions;

g)   Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

h)   Negligently failing to act reasonably under the circumstances;

i)   Negligently failing to render aid to the Plaintiff after her fall and/or negligently rendering aid to the Plaintiff after her fall.

2

j)  Defendants engaged in a negligent mode of operation by allowing invitees/guests to travel in· an area without warning signs of slippery conditions present. Further, Defendants engaged in   a negligent mode of operation by allowing a clear liquid to remain on the floor creating a    hazardous and dangerous condition.

8.      As a result, while Plaintiff was visiting Defendant's business, she slipped and fell on floor, sustaining injuries as set forth.

9.      As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, MARIA M. LUGO, sues the Defendant, TARGET CORPORATION, for damages and demands judgment in excess of Fifteen Thousand Dollars ($15,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

RESPECTFULLY submitted this 9 day of December, 2015

/S/ Mario Romero
Mario Romero, Esquire
FBN 0990639
Morgan & Morgan, P.A.
198 Broadway Avenue
Kissimmee, Florida 34741
Telephone: (407) 452-6990
Facsimile: (407) 452-6989
Primary Email: mromero@forthepeople.com
Secondary emails: ylabrador@forthepeople.com;
aclorenzana@forthepeople.com
Attorneys for Plaintiff

3

Filing # 35927244 E-Filed 12/28/2015 12:42:46 PM

IN THE CIRCUIT COURT IN AND
FOR OSCEOLA COUNTY, FLORIDA

CASE NO.:   2015-CA-002996 ON

MARIA M. LUGO,

       Plaintiff,

vs.

TARGET CORPORATION,

       Defendant.

_____/

### DEFENDANT, TARGET CORPORATION'S, ANSWER TO PLAINTIFF'S COMPLAINT

**COMES NOW** the Defendant, TARGET CORPORATION ("Target"), and answers the Plaintiff's Complaint as follows:

1.    The Defendant admits the allegations contained in paragraph 1 (for jurisdictional purposes only), of the Plaintiff's Complaint.

2.    The Defendant denies each and every remaining allegation of the Plaintiff's Complaint and demands strict proof thereof with trial by jury.

### AFFIRMATIVE DEFENSES

3.    At the time and place of the incident complained of the Plaintiff was herself negligent, completely barring any recovery; or, in the alternative, the negligence, if any, of this Defendant should be compared with that of Plaintiff and damages apportioned accordingly.

4.      Defendant is entitled to set-off any and all collateral source benefits paid or payable pursuant to Florida statutory and substantive law.

5.      This Defendant is entitled to set-off or, in the alternative, the Plaintiff is not permitted to claim, any medical bills incurred as a result of the subject incident that have been adjusted or reduced or written off by the Plaintiff's health care providers as part of their payment contract with the Plaintiff's health insurance company, Medicaid or Medicare.

6.      This Defendant is entitled to set-off for all sums of money by settlement, judgment or otherwise entered into and received by the Plaintiff from any other party or non-party to this action.

7.      The Defendant states by way of Affirmative Defense that the Plaintiff has failed to mitigate her damages.

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2015, I electronically filed the foregoing with the Clerk of the Court by using the Florida Courts E-Filing Portal system. I further certify that a true and correct copy has been furnished to Mario Romero, Esquire, at the following designated e-mails: mromero@forthepeople.com; ylabrador@forthepeople.com; Aclorenzana@forthepeople.com.

s/ James A. Coleman
James A. Coleman, Esquire
Florida Bar No.: 0434711
Attorney for Defendant (Target)
James A. Coleman, P.A.
612 E. Colonial Drive, Suite 250

2

Orlando, Florida 32803
Telephone:  (407) 219-5799
Facsimile:  (407) 219-5788
Emails:     jcoleman@rclawpa.com
            rcunningham@rclawpa.com
            dthompson@rclawpa.com

3

Filing # 35325097 E-Filed 12/09/2015 10:53:35 AM

IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT IN AND FOR OSCEOLA
COUNTY, FLORIDA

CASE NO: 2015 CA 2996 DN

MARIA M. LUGO,

        Plaintiff,

vs.

TARGET CORPORATION,

        Defendant.        /

### SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production and Request for Admissions in the above-styled cause upon the Defendant:

**TARGET CORPORATION**
**C/O R/A**
**CT Corporation System**
**1200 South Pine Island Road**
**Plantation, FL 33324**

    Each Defendant is hereby required to serve written defenses to said Complaint or Petition on MARIO ROMERO, ESQUIRE, Morgan & Morgan, P.A., 198 Broadway Avenue, Kissimmee, Florida 34741, Telephone: (407) 452-6990, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

### REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

1

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Human Resources, **OSCEOLA COUNTY COURTHOUSE, 2 COURTHOUSE SQUARE, SUITE 200, KISSIMMEE, FLORIDA 34741, (407) 742-2400**, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

WITNESS my hand and the seal of this Court on this the _____ day of _____, _____.

Clerk of the Circuit Court **Armando Ramírez**

By_____

2

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney."   (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un

3

avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**MORGAN & MORGAN, P.A.**
**Mario Romero, Esquire**
**198 BROADWAY AVENUE**
**KISSIMMEE, FLORIDA 34741**
**TELEPHONE: 407-452-6990**
**FACSIMILE: 407-572-0116**
**Primary Email Address: MRomero@forthepeople.com**

4

Filing # 35931929 E-Filed 12/28/2015 01:58:09 PM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL
CIRCUIT IN AND FOR OSCEOLA COUNTY,
FLORIDA

CASE NO: 2015 CA 002996 ON

MARIA M. LUGO,

        Plaintiff,

vs.

TARGET CORPORATION,

        Defendant.         /

## NOTICE OF FILING AFFIDAVIT FOR SERVICE OF PROCESS

COMES NOW the Plaintiff, MARIA M. LUGO, by and through the undersigned attorneys, and hereby gives notice of the filing with the court of the original Summons and Return of Service, indicating that service has been perfected on the Defendant, by serving Donna Moch, as senior corporate operations, on December 11, 2015.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk of the Courts by using the Florida Courts E-Filing Portal this 28 day of December, 2015. I further certify that Pursuant to Rule 2.516(b)(1) I forwarded the foregoing via E-Mail Only/Service of Court Document to: Clerk of Court.

        */S/ Mario Romero*
        Mario Romero, Esquire
        FBN 0990639
        Morgan & Morgan, P.A.
        198 Broadway Avenue
        Kissimmee, Florida 34741
        Telephone: (407) 452-6990
        Facsimile: (407) 452-6989
        Primary Email: mromero@forthepeople.com
        Secondary emails: ylabrador@forthepeople.com;
        aclorenzana@forthepeople.com
        Attorneys for Plaintiff

        1

# AFFIDAVIT OF SERVICE

**State of Florida**                    **County of OSCEOLA**                    **Circuit Court**

Case Number: 2015-CA-2996

Plaintiff:
**MARIA M. LUGO**
vs.
Defendant:
**TARGET CORPORATION**

For: Mario Romero
    MORGAN & MORGAN

Received by ACER LEGAL RESOURCES, INC. on the 9th day of December, 2015 at 4:26 pm to be served on TARGET CORPORATION C/O R/A, CT CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND RD, PLANTATION, FL 33324. I, _Frances Dixon_ , being duly sworn, depose and say that on the _11_ day of _DEC_ , 20_15_ at _2:50_ .m., executed service by delivering a true copy of the **SUMMONS AND COMPLAINT, REQUEST FOR ADMISSIONS, REQUEST FOR PRODUCTION, NOTICE OF SERVICE OF INTERROGATORIES, NOTICE OF CONFIDENTIAL INFORMATION WITHIN COURT FILING** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

( ) SUBSTITUTE SERVICE: By serving _____ as

(X) CORPORATE SERVICE: By serving _Dana Mock_ as _For CT Corporation_
_Senior Corporate Operations Manager_
_System - Registered Agent_

( ) OTHER SERVICE: As described in the Comments below by serving _____ as

( ) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS: _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _12_ day of
_November 215_ by the affiant who is personally
known to me.

_signature_
NOTARY PUBLIC

REF: _FF19351_

PROCESS SERVER # _620_
Appointed in accordance with State Statutes

**ACER LEGAL RESOURCES, INC.**
617 Irvington Ave
Orlando, FL 32803
(407) 895-5200

Our Job Serial Number: 2015012845

KENNETH FORD NAIL
MY COMMISSION # FF193251
EXPIRES January 27, 2019
(407) 398-0153    FloridaNotaryService.com

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

IN THE CIRCUIT COURT IN AND
FOR OSCEOLA COUNTY, FLORIDA

CASE NO.:   2015-CA-002996 ON

MARIA M. LUGO,

        Plaintiff,

vs.

TARGET CORPORATION,

        Defendant.

_____/

## DEFENDANT, TARGET CORPORATION'S, OBJECTION TO PLAINTIFF'S DISCOVERY

**COMES NOW** the Defendant, **TARGET CORPORATION**, and hereby files this Objection to the Plaintiff's Request for Admissions to Defendant, Target Corporation, Plaintiff's Request for Production to Defendant, Target Corporation, and Plaintiff's Interrogatories to Defendant, Target Corporation, that were served on this Defendant with the Summons and Complaint, and, in support thereof, states as follows:

    1.    The Defendant, Target Corporation, has filed a Notice of Removal that removes this case from State Court to Federal Court.

    2.    Based on the removal of this lawsuit to Federal Court, this Defendant objects to all of the above-referenced discovery in that all discovery should now proceed under the Federal Rules of Civil Procedure.  Discovery served in State Court

becomes null and ineffective upon removal.  *Wilson v. General Tavern Corp.*, 2006 WL

290490 (S.D. Fla. Feb. 2, 2006).

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 5, 2016, I electronically filed the foregoing with the
Clerk of the Court by using the Florida Courts E-Filing Portal system, which will notify
Mario Romero, Esquire, at the following designated e-mails:  mromero@forthepeople.com;
ylabrador@forthepeople.com; Aclorenzana@forthepeople.com.

s/ James A. Coleman
James A. Coleman, Esquire
Florida Bar No.: 0434711
Attorney for Defendant,
Target Corporation
James A. Coleman, P.A.
612 E. Colonial Drive, Suite 250
Orlando, Florida 32803
Telephone:  (407) 219-5799
Facsimile:  (407) 219-5788
Emails:    jcoleman@rclawpa.com
           rcunningham@rclawpa.com
           dthompson@rclawpa.com

# MORGAN & MORGAN®
## ——— *Attorneys At Law* ———

198 BROADWAY AVE.
KISSIMMEE, FL 34741
(407) 452-6990
FAX: (407) 452-6989

October 27, 2014

## ***CERTIFIED MAIL – RETURN RECEIPT***

Mr. Joe Engler
Sedgwick CMS
P.O. Box 14453
Lexington, KY  40512-4453

Re:    Our Client:    Maria Mercedes Lugo
         Your Insured:    Target
         Claim No:    000124539g-0001
         Date/Accident: 3/28/2014

Dear Mr. Engler:

As you are aware, our firm has been retained to represent Maria Mercedes Lugo in her negligence claim against your insured.  After careful consideration, it is our belief that this claim has reached a point where settlement should be considered, thereby avoiding the undue costs associated with litigation.

***D/ACCIDENT:*** 3/28/2014

***AGE, SEX, OCCUPATION OF CLIENT:***         40 / female / Sales

***CAUSE OF INJURY:***  On March 28, 2014, at approximately 3:30 P.M., our client, Maria Mercedes Lugo, was client slipped on wet floor near the registers.

***LIABILITY:***    Clear.  It is our position that liability is clear and that the only issue to be negotiated in this case is the value of the bodily injury claim.

***NATURE OF INJURY:*** back, right shoulder, left hand, right hip and right knee

***MEDICAL TREATMENT/FACILITIES:***        See "Special Damages" itemization attached.

***WAGE LOSS:***  At the time of the accident, Maria Mercedes Lugo worked at Tommy Hilfiger store as a Sales making approximately $320.00 per week.  Due to the injuries sustained in the incident, Maria Mercedes Lugo missed 2 day, for a total wage loss of $128.00.

***FUTURE MEDICAL TREATMENT:*** Estimated cost to continue treatment up $3000.00 to $5000.00. Thereafter if condition worsens client would be candidate for surgery on the symptomatologies after injectable.  The surgery of the spine could cost upwards of $60,000.00 to $100,000.00.

——————— www.forthepeople.com ———————
ATLANTA, GA ◆ COLUMBUS, GA ◆ 'DAYTONA BEACH, FL ◆ FT. MYERS, FL ◆ JACKSON, MS ◆ JACKSONVILLE, FL ◆ KISSIMMEE, FL ◆ LAKELAND, FL
LEXINGTON, KY ◆ MANHATTAN, NY ◆ MEMPHIS, TN ◆ NAPLES, FL ◆ ORLANDO, FL ◆ PLANTATION, FL ◆ ST. PETERSBURG, FL
SARASOTA, FL ◆ SAVANNAH, GA ◆ TALLAHASSEE, FL ◆ TAMPA, FL ◆ TAVARES, FL ◆ THE VILLAGES, FL ◆ WINTER HAVEN, FL

## Exhibit 2

Sedgwick CMS
Joe Engler
October 27, 2014
Page 2 of 2

*LIFE EXPECTANCY:*  40 years

*INTANGIBLE DAMAGES:*   Prior to this accident, Maria Mercedes Lugo enjoyed a very active lifestyle.  Client continues with discomfort to her right shoulder upon dressing, blowing drying her hair.  She also continues with pain to her lower back, which has caused her not to be able do her daily household chores.

*DEMAND:*   $750,000.00

On the basis of the foregoing damages, it is our opinion that a reasonable settlement value for Maria Mercedes Lugo's claim for bodily injuries, impairments, damages, and losses is well in excess of $750,000.00, for which we hereby make demand.

This claim could and should be settled for $750,000.00.  By doing so, we can spare all parties additional legal fees, costs, and delay.

**Please be advised that this settlement demand is conditioned upon an agreement between our office and your company regarding the language of the final release and certified confirmation of coverage.**

This offer of settlement will remain open for 30 days from the date of receipt of this letter by certified mail.  Enclosed please find all medical records and medical bills in our possession, which document the claim of Maria Mercedes Lugo and assist you in your evaluation.  Please review the foregoing information and contact my Paralegal, Consuelo Gonzalez, at (407) 572-0139 or cgonzalez@forthepeople.com to discuss settlement prior to our initiation of litigation.  We look forward to hearing from you soon in this regard.

Sincerely,

Mario Romero

MR \crg

Enclosures

# Special Damages

2193199  -  Lugo, Maria M. vs. Target
Lugo, Maria M.

| Provider / Dates of Service Date Paid | Type | Total Charges | Date of LOP | Lien Amount | Date Sent | Date Due/ Account Number | Bill/Report Requested | Bill? Deduct? |
|---|---|---|---|---|---|---|---|---|
| Best Care Emergency Physicians | | P.O. Box 37717 | | | | | | (800)355-2470 |
| 03/28/2014 - | Medical Bills | Philadelphia, PA 19101 | | | | | ☐ ☐ | ☐ ☐ |
| | | $717.00 | | | | | | |
| | SUBTOTAL: | $717.00 | | | | | | |
| Mid Florida Imaging | | 819 E Oak Street, Suite C | | | | | | (407)932-0224 |
| 04/04/2014 - | Medical Bills | Kissimmee, FL 34734 | | | | | ☐ ☐ | ☐ ☐ |
| | | $2,591.88 | | | | | | |
| | SUBTOTAL: | $2,591.88 | | | | | | |
| Orthopaedic & Spine Associates/Spargo, David | | 435 W Oak Street | | | | | | (407)530-4734 |
| 04/03/2014 - 08/18/2014 | Medical Bills | Kissimmee, FL 34741 | | | | | ☐ ☐ | ☐ ☐ |
| | | $7,948.00 | | | | | | |
| | SUBTOTAL: | $7,948.00 | | | | | | |
| Orthopedic Associates of Osceola/Manzanares, James, Orthopedic Surgeon | | 604 Oak Commons Blvd | | | | | | (407)846-6004 |
| 10/24/2014 - | Medical Bills | Kissimmee, FL 34741 | | | | | ☐ ☐ | ☐ ☐ |
| | | $200.00 | | | | | | |
| | SUBTOTAL: | $200.00 | | | | | | |
| Osceola Pathology Associates | | P.O. Box 198700 | | | | | | (866)220-0901 |
| 03/28/2014 - | Medical Bills | Atlanta, GA 30384-8700 | | | | | ☐ ☐ | ☐ ☐ |
| | | $30.00 | | | | | | |
| | SUBTOTAL: | $30.00 | | | | | | |
| Osceola Regional Medical Center | | 700 W Oak Street | | | | | | (407)918-9513 |
| 03/28/2014 - | Medical Bills | Kissimmee, FL 34741 | | | | | ☐ ☐ | ☐ ☐ |
| | | $6,717.25 | | | | | | |
| | SUBTOTAL: | $6,717.25 | | | | | | |
| Sheridan Radiology of Central Florida | | 1613 North Harrison Parkway, Suite 200 | | | | | | (800)437-2672 |
| 03/28/2014 - 03/28/2014 | Medical Bills | Sunrise, FL 33323 | | | | | ☐ ☐ | ☐ ☐ |
| | | $217.00 | | | | | | |
| | SUBTOTAL: | $217.00 | | | | | | |

1/12/201
2:34:32PM

1/12/2015                    000124539G0001                    5220150112019691

2193199 - Lugo, Maria M. vs. Target
Lugo, Maria M.

| Provider / Dates of Service | Date Paid | Type | Total Charges | | Date of LOP | Lien Amount | Date Sent | Date Due/ Account Number | Bill/Report Requested | Bill Deduct? |
|---|---|---|---|---|---|---|---|---|---|---|
| | | TOTAL: | $18,421.13 | | | | | | | |

End of report

1/12/2015                              000124539G0001                    5220150112019691

Page 1



# ORTHOPAEDIC & SPINE MEDICAL GROUP

**435 W. Oak Street**
**Kissimmee, FL 34741**

**Phone: (407) 530-4734**
**Fax: (407) 530-4736**

September 26, 2014

**FINAL REPORT**
**MEDICAL IMPAIRMENT EVALUATION**
**(AMA 6ᵗʰ EDITION)**

RE:   Maria Lugo
      5271 Cane Island Loop, Unit #301
      Kissimmee, Fl 34746

Date of Accident: 3/28/14
Date of Examination: 5/28/14
Date of Birth: █████
Social Security #: xx-xx-████
Exam Location: Kissimmee, FL

## HISTORY

Ms. Lugo was initially seen at this facility for the purpose of consultation, examination and evaluation on April 2, 2014. Maria was involved in a slip and fall accident in Target on March 28, 2014, in which she claims the floor was wet and fell in a split position, which made her land on her left forearm. She was driven to Osceola Regional Hospital by her boyfriend, where she was examined, x-rayed, given prescription for pain mediction and released. Upon presentation to our office she complained of pain principally in the left forearm, right shoulder and lower back radiating to her right upper leg. The patient reports having a history of back pain, which was treated in 2011 in New York. She underwent an MRI of the lumbar spine on March 16, 2011, which reported a L5-S1 disc bulge, small left paracentral disc protrusion and annular fissure result in mild left lateral recess narrowing with minimal contact of the traversing left S1 nerve root. L2 vetebral hemangioma. Given her complaints, exam findings and duration since her accident, MRI's of the right shoulder and lumbar spine were ordered. She was then started on a prescription of physiotherapy two to three times weekly, home exercise program daily, heating pad application as needed and adjunctive trial of muscle relaxers and anti-inflammatories. While Ms. Lugo has remained compliant with an extensive course of PT, medications, diagnostic testing and frequent reassessments of his injuries and therapy progression every two to four weeks showing improvement of his overall discomfort, he unfortunately still remains symptomatic.

## PAST MEDICAL/SURGICAL HISTORY

The patient reports a positive past medical history for back pain and sciatica. Past surgical history is significant for hernia surgery and arthroscopy of the left knee. The patient is allergic to Iodine, also claims to have a severe seafood allergy. Family history is contributory for diabetes, high blood pressure, arthritis, esophageal hiatal hernia and depression. Maria states that she does take Norethisterone (Micronor) and Glucosamine on a regular basis. Also she currently takes Flexeril, Anaprox and Ultram to help out with the pain. She denies the use of alcohol, tobacco products and recreational drugs.

435 West Oak Street, Kissimmee, FL 34741   Phone: (407) 530-4734  Fax: (407) 530-4736

# Exhibit 3

11/3/2014                        00012453960001                        512014110314426o

Page 2

## MEDICAL RECORDS

Osceola Regional Medical Center ED records were requested, received and reviewed from her visit on 3/28/2014, where radiographs of the left hand, right glenohumeral joint, right femur and right ankle were obtained and found to be negative for fracture.

## PHYSICAL EXAMINATION

VITALS:
Resting Pulse:  81 bpm
Seated left brachial blood pressure:      114/86 BPM.
Height: 5 feet 3 inches tall
Weight: 170 lbs.

Examination revealed a pleasant 40 year old right-handed female, single with no children. She was alert, cooperative and in no acute distress. HEENT exam revealed normocephalic/atraumatic head, intact extra-ocular muscles and clear conjunctiva. Neck was without adenopathy or carotid bruits. Oropharynx is moist with no exudates. No edema is seen. Pulses are 2+ throughout. The heart has regular rate and rhythm, no murmurs were auscultated. The lungs were clear to auscultation. Abdomen is soft, non-tender, and bowel sounds are present. Bowel and bladder functions are reported by the patient as normal.

## NEUROLOGICAL EXAMINATION

Ms. Lugo was alert to time, place and sphere of influence. Affect appeared appropriate to the situation. The cranial nerves II through XII are grossly intact. Motor examination is at least 5/5 throughout. Sensory examination appears intact by touch. Deep tendon reflexes are 2+/4 and symmetrical. No dysmetria or dysdiadokineses were present. Gait and station was normal.

## SPINAL EXAMINATION

There is moderate restriction with some spasm in the lumbar spine bilaterally. There is moderate tenderness in the sacroiliac joint with some spasm.

## ORTHOPEDIC EXAMINATION

Range of motion in the cervical spine presented no restrictions and was within normal limits. Lumbar spine was tender bilaterally. Range of motion was moderately restricted with flexion, and mildly restricted with extension. Upper extremities extension caused pain in the right shoulder and demonstrated limited ROM. Lower extremities were within normal limits. Cervical compression test was negative. Maximum Foraminal Compression test was negative.  Straight Leg Testing was negative bilaterally. Braggards sign was negative.  Patrick Test was negative. Kemp's test was negative. Slump test was negative. Valsalva maneuver was negative. Upper and lower extremities were intact.

## DIAGNOSTIC TESTING:

1.  MRI of the Right Shoulder, 4/4/2014 (Mid-Florida Imaging; Read by Ronald I Landau, M.D.)
    Impression: Rotator cuff impingement. Partial tears involving the distal supraspinatus and infraspinatus tendons.

435 West Oak Street, Kissimmee, FL 34741     Phone: (407) 530-4734  Fax: (407) 530-4736

Page 3

2. MRI of the Lumbar Spine, 4/4/2014 (Mid-Florida Imaging; Read by Ronald I Landau, M.D.)
Impression: Midline posterior disk herniation and associated radial tear at L5-S1. Neural encroachment at L5-S1.

**IMPRESSION**

1. Lumbar disk herniation and associated radial tear at L4-5 with neural encroachment.

**OUTSIDE MEDICAL RECORDS**

Maria was seen in an orthopedic consultation by Kevin Scott, M.D., on April 12, 2014 for continued pain and discomfort in her right shoulder and back. Dr. Scott found Ms. Lugo to be suffering from some tenderness to palpation around the paraspinous muscles, pain with extension of her back. She does have some impingement signs, Neer and Hawkins. He advised her to continue with physiotherapy and massage therapy to the affected areas, and if she is not better, he may consider an injection into her shoulder at that time and the possible lumbar epidural.

Ms. Lugo was also seen a neurological consultation by Donald Sachs, M.D., on June 18, 2014 for continued pain in her back. Dr. Sachs found Maria to be complaning of back pain across the entire sacrum. It seems centered at L5-S1 but then she motions radiation across the left buttock and acos the right buttock. Back Examination revealed, pertinent for severe point tenderness with pain over the right sacral sulcus and Fortin's point. Lumbar range of motion is pertinent for severe pain on flexion, particularly in the midline at L5-S1 reproduction of her usual pain. Because her pain is three months and not improving and due to the severity and failure of other care, recommended an intraarticular sacroiliac arthrogram and injection of Marcaine with zero steroids. This would eliminate false positives and, if the pain is improved initially, then this would delineate how much of her pain is coming from the S1 joint and thus from her fall. Furthermore, it would suggest that she would do well with surgery.

**DISCUSSION**

Based on the history, physical examination, objective diagnostic testing, and to a reasonable degree of medical probability, there is a casual relationship between Ms. Lugo current complaints and the injuries sustained in the slip and fall accident of March 28, 2014.

To date, the patient has made some progress and symptoms have improved after a regimen of physiotherapy, home exercise program and some use of medications, however, she still unfortunately remains symptomatic. I believe she has reached a point of plateau and accordingly maximum medical improvement regarding the March 28, 2014 slip and fall accident.

**MAXIMUM MEDICAL IMPROVEMENT**

According to the American Medical Association's Guides to the Evaluation of Permanent Impairment, Sixth Edition, an impairment should not be considered permanent until the clinical findings indicate that the medical condition is static and well stabilized, often termed Maximal Medical Improvement (MMI). It is also understood that an individual's condition is dynamic. Maximal Medical Improvement (MMI) refers to a date from which further recovery or deterioration is not anticipated, although over time there may be some expected change. However, achieving Maximal Medical Improvement does not preclude future medical care if indicated.

435 West Oak Street, Kissimmee, FL 34741    Phone: (407) 530-4734  Fax: (407) 530-4736

Page 4

As of May 28, 2014, it was felt that Maria Lugo has reached Maximum Medical Improvement and based on the AMA Guides to the Evaluation of Permanent Impairment 6th Edition, has sustained a final Impairment rating of 10% whole person permanent impairment (WPPI). The whole person permanent impairment (WPPI) is a very conservative estimate of injuries and residual impairment.

**FUTURE MEDICAL NEEDS**

It would not be uncommon for Ms. Lugo to experience exacerbations that she cannot get under control and for these exacerbations should be allowed the privilege of palliative care depending on the continuance or remission of her signs and symptoms. I foresee future medical needs to consist of treatments for exacerbations, need for doctor visits, physiotherapy, use of oral/injectable medications to control pain, spasms and inflammation and future diagnostic workup, with an estimated cost of up to $3,000.00 to $5,000.00 per year. Thereafter if condition worsens the patient could remain a candidate for surgery, depending on the symptomatologies after injectables. The surgery of the spine could cost upwards of $60,000 to $100,000 to undertake.

Sincerely,

Carlos Ramirez-Blessing, D.O.
Board Certified: Family Medicine
Doctorate of Osteopathic Medicine

435 West Oak Street, Kissimmee, FL 34741    Phone: (407) 530-4734  Fax: (407) 530-4736

11/3/2014                                        000124539G0001                          5120141103144260

IN THE CIRCUIT COURT IN AND
FOR OSCEOLA COUNTY, FLORIDA

CASE NO.:   2015-CA-002996 ON

MARIA M. LUGO,

       Plaintiff,

vs.

TARGET CORPORATION,

       Defendant.
_____/

**NOTICE TO CLERK OF THE NINTH
JUDICIAL CIRCUIT, IN AND FOR OSCEOLA COUNTY, FLORIDA
OF FILING NOTICE OF REMOVAL
OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§1441 AND 1446**

To:    Clerk of the Ninth Judicial Circuit
       Osceola County Courthouse
       2 Courthouse Square, Suite 2000
       Kissimmee, Florida  34741

PLEASE TAKE NOTICE that Target Corporation, the Defendant in the above-entitled action, has filed a Notice of Removal of Civil Action Pursuant to 28 U.S.C. §§1441 and 1446, with the Clerk of the United States District Court for the Middle District of Florida, Orlando Division, on January 5, 2016, a true copy of which is attached hereto.

**Exhibit 4**

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2016, I electronically filed the foregoing with the Clerk of the Court by using the Florida Courts E-Filing Portal system, which will notify Mario Romero, Esquire, at the following designated e-mails:  mromero@forthepeople.com; ylabrador@forthepeople.com; Aclorenzana@forthepeople.com.

s/ James A. Coleman
James A. Coleman, Esquire
Florida Bar No.:  0434711
Attorney for Defendant, Target Corporation
James A. Coleman, P.A.
612 E. Colonial Drive, Suite 250
Orlando, Florida 32803
Telephone:  (407) 219-5799
Facsimile:  (407) 219-5788
Emails:    jcoleman@rclawpa.com
           rcunningham@rclawpa.com
           dthompson@rclawpa.com

2